### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BOBBY TATUM,**

                **Plaintiff,**

**v.**                                        **Case No. 21-cv-1101-NJR**

**ROB JEFFREYS,** *et al.,*

                **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Bobby Tatum's Objection to the threshold order (Doc. 19). Although entitled an "Objection," Tatum asks the Court to reconsider its ruling dismissing a number of Defendants during its review of the merits pursuant to 28 U.S.C. §1915A.

Although Tatum lists several Federal Rules of Civil Procedure, the motion will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e)

motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.,* 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors*

Page 2 of 5

*Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

Tatum's Objection fails under either standard. He fails to raise any mistake of law or fact on the Court's part. Instead, he merely disagrees with the Court's rulings. He repeats a number of the same allegations he made in his Complaint.

As to John Doe #1, Tatum argues that John Doe #1 failed to process his grievances and, thus, interfered with his access to the courts. But the Court already noted that there was no protected due process right in the grievance process and the unavailability of administrative remedies does not bar potential litigants from bringing their claims (Doc. 14, p. 4). Thus, John Doe #1 was properly dismissed.

To the extent he again alleges that Rob Jeffreys was responsible for the conditions of Tatum's cell and had knowledge of those conditions as the IDOC Director, these allegations were raised in the Complaint and the Court found that Tatum failed to state a claim. His Complaint fails to allege that Jeffreys was personally aware of the conditions that Tatum faced.

Tatum also takes issue with the Court's dismissal of John Doe #'s 2, 3, and 4. Tatum's Complaint alleged that these individuals were liable in their supervisory roles over John Doe #1 and C/O Williams, but supervisory liability is not recognized under Section 1983. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). Tatum now argues that the John Does ordered the strip search conducted by C/O Williams, pointing to a

memo setting forth the responsibilities of the shakedown officer (Doc. 1, p. 14). The document does not indicate that the John Does specifically ordered the strip search of Tatum on the date in question or ordered C/O Williams to spray Tatum with mace as alleged in the Complaint. Nor did Tatum allege in his statement of claim that the John Does specifically ordered his improper search. To the extent Tatum wishes to amend his Complaint to add these allegations, he would need to seek leave to amend. As these allegations relate to his claim against C/O Williams, which has been severed into a new case, Tatum would have to seek leave to amend in the severed case.

Tatum also objects to the severing of the claims against C/O Williams, but he simply reiterates his allegations that he believes the strip search was done out of harassment for filing grievances. His Complaint, however, lacked any allegations that C/O Williams was aware of his grievances regarding his conditions of confinement and that he conducted the strip search out of retaliation.

Finally, to the extent Tatum also takes issue with the Court's denial of his request for injunctive relief, Tatum fails to offer anything new that would change the analysis of his request for a temporary restraining order. Tatum merely states that his case is jeopardizing Defendants' jobs, but as with his initial motion for temporary restraining order he offers only his beliefs and no facts to support those beliefs. To the extent he again seeks outside medical care, he has not raised any deliberate indifference to medical care claims in his Complaint. Accordingly, his motion for injunctive relief was properly denied.

For the reasons stated above, Tatum's motion to reconsider (Doc. 19) is **DENIED**.

To the extent Tatum again seeks counsel (Doc. 19, p. 4), Defendants have not filed Answers, and a scheduling order has not been entered. Thus, counsel is not needed at this time. Once the Court has entered a scheduling order allowing for discovery, Tatum may renew his request for counsel should he experience difficulties conducting discovery on his own.

**IT IS SO ORDERED.**

**DATED:   January 11, 2022**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**